IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01611-WDM-KMT

SYDNEY STONE,

    Plaintiff,

v.

GERALD WHITMAN, in his individual capacity,
JOHN HICKENLOOPER, in his individual capacity,
THE CITY OF DENVER, and
THE COUNTY OF DENVER, CO.,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This case involves a claim that Defendants violated Plaintiff's constitutional rights by taking property without due process and without just compensation. This matter is before the court on "Defendants' Motion to Dismiss" (Doc. No. 10).

### FACTUAL BACKGROUND

*1.*   *Facts*

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. On March 19, 1996, the Denver Police Department began investigating the apparent suicide of Spicer Breeden. (Compl. ¶ 8.) The police seized a suicide note stating that he wanted Sydney Stoe to have all of his property. (*Id.* ¶ 13.) The police also

seized three pistols, a Sig Sauer P228 ("Sig Sauer"); a Beretta 92F ("Beretta"); and a Colt Python ("Colt"). (*Id.* ¶¶ 9–12.) Pursuant to police department policy, the Sig Sauer was released to the registered owner of the firearm, a person other than Sydney Stone. (*Id.* ¶ 14.) On approximately July 19, 2003, having received no claims for possession, the Beretta and the Colt were destroyed pursuant to police department policy. (*Id.* ¶ 15.) Plaintiff asserts that, despite the Denver Police Department's knowledge of her address, she was not provided with notice or provided with an opportunity to be heard prior to the destruction of the Beretta and the Colt or the release of the Sig Sauer. (*Id.* ¶ 16, 28.) Plaintiff contends she had a right to be provided with notice and an opportunity to be heard before being permanently deprived of the three firearms. (*Id.* ¶ 34.) Plaintiff states Defendants have refused to compensate her for the three pistols. (*Id.* ¶ 17.) Plaintiff filed a lawsuit in Denver Small Claims Court which was dismissed for lack of subject matter jurisdiction. (*Id.* ¶¶ 20, 22.) Plaintiff names as defendants Gerald Whitman, John Hickenlooper, the City of Denver, and the County of Denver. (*Id.* At 4.) Plaintiff asserts that Defendants Whitman and Hickenlooper acted with malice or reckless disregard for her rights. (*Id.* ¶ 33.) Plaintiff is seeking compensatory and punitive damages. (*Id.* at 6.)

Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Defs.' Mot. to Dismiss [hereinafter "Mot."] [filed October 10, 2007].) Defendants asserts that (1) Plaintiff's claims are barred by the doctrine of claim preclusion; and (2) Plaintiff's claims are barred by the statute of limitations. (Mot. at 4–7.)

*2.    Procedural History*

Plaintiff filed her Complaint on August 24, 2007. (Compl.) Defendants filed their motion to dismiss on October 10, 2007. (Mot.). Plaintiff filed her response on November 9, 2007. (Plaintiff's Resp. in Opp. to Defs.' Mot. to Dismiss [hereinafter "Resp."].) Defendants filed their reply on November 26, 2007. (Defs.' Reply to "Plaintiff's Resp. in Opp. to Defs.' Mot. to Dismiss" [hereinafter "Reply"].) This matter is fully briefed and ripe for review and recommendation.

**STANDARD OF REVIEW**

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort*

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## *1.    Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his

claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

*1.  Plaintiff's Claims are Barred by the Statute of Limitations*

Title 42 U.S.C. § 1983 contains no statute of limitations. Although state law governs the length of the statute of limitations, the characterization of the claim for the purpose of determining the applicable statute of limitations is a federal question. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). "[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose" and these claims are best characterized as personal injury actions. *Id.* at 272, 280. Where a state has multiple statutes of limitations for personal injury actions, the residual or general personal injury statute of limitations applies. *Owens v. Okure*, 488 U.S. 235, 236 (1989). The relevant statute of limitations in Colorado is provided in Colo. Rev. Stat. § 13–80–102. "All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" as well as "[a]ll other actions of every kind for which no other period of limitation is provided" must be commenced within two years after the cause of action accrues, if at all. Colo. Rev. Stat. § 13-80-102(1)(g),(i). The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 127 S. Ct. 1091, 1095, *rehearing denied*, 127 S. Ct. 2090 (2007). For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Defendants assert that Plaintiff did know, and testified as to her knowledge in Denver County Small Claims Court proceedings, that the weapons were seized at the time of Spicer Breeden's death in 1996, and, therefore, she had a duty to be reasonably diligent in following up on the status of the guns. (Mot. ¶ 13.) Defendants assert that, at the very least, the statute of limitations should begin to run from the time of the actual destruction of the weapons on July 27, 2003. (*Id.* at ¶ 14.) Plaintiff argues that she discovered her injury on July 21, 2005, and, therefore, the statute of limitations should begin to run from that date. (Resp. at 6.) Plaintiff has attached as Exhibit C to her response a transcript from the bench trial in Denver County Court on November 30, 2006.[1] (Resp., Ex. C.) In the Denver County Court trial, Plaintiff testified that she was aware at the time of Spicer Breeden's death on March 19, 1996, that the Denver Police Department was investigating his death. (Resp., Ex. C at 19, ll. 12–24.) She also testified that she was aware that the Denver Police Department seized weapons from the scene of his death. (*Id.* at 23, ll. 3–5.) Plaintiff testified that she was appointed co-personal representative for Spicer Breeden's estate on May 16, 2000. (*Id.*, ll. 16–19.) During the hearing, Judge Okamoto read from the probate court order appointing Plaintiff to be a co-representative:

---

[1]The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The court will take judicial notice of the records contained in Denver County Court case number 06SO1001, attached as Exhibits A, B, and C to the response to Defendants' Motion to Dismiss, as public records and may rely on those records in determining the motion to dismiss under Rule 12(b)(6) without converting the motion to a motion for summary judgment. *See Locicero v. Leslie*, 948 F. Supp 10, 13 (D. Mass. 1996). "If this Court were to ignore the transcript, it would diminish the value and significance of the prior judicial proceedings." *Id. See also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997) (A district court may review indisputably authentic copies of documents referred to in the complaint that are central to a plaintiff's claim without converting the motion to one for summary judgment.)

> Court is taking this step in order to position Ms. Stone to undertake whatever task can be appropriately delegated to her in the interests of achieving savings in the administration of the estate; however she is not being appointed as the sole personal representative. In the event of a disagreement or a dispute between the co-personal representatives, the Court will hear argument.

(*Id.* at 43, ll. 20–25; 44, ll. 1–5.) Plaintiff does not dispute she was appointed co-personal representative under the document read by Judge Okamoto. Plaintiff, at the trial, did argue that, as co-personal representative, she did not have the power to do anything, but the probate court order appointing her as co-personal representative states otherwise. (*Id.* at 26, ll. 17–19.) Plaintiff had knowledge of the fact that the Denver Police Department had seized the guns well before she was appointed as co-personal representative of the estate of Spicer Breeden. This court finds that Plaintiff had the ability, as co-personal representative, to make a claim with the Denver Police Department for all of the guns seized at the time of Spicer Breeden's death, at any time after she was appointed co-personal representative on May 16, 2000. Therefore, Plaintiff should have known of the injury which is the basis of his action on July 27, 2003. This court finds, as Defendants argue, that the statute of limitations should begin to run from the time of the actual destruction of the weapons on July 27, 2003, as this is the date of the "taking" of the property at issue from the estate of Spicer Breeden over which Plaintiff was co-personal representative. As the original Complaint was filed on July 31, 2007, well outside the two years statute of limitations period, Plaintiff's claims are barred and should be dismissed.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion to Dismiss" (Doc. No. 10) be GRANTED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

8

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of August, 2008

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge