IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-01611-WDM-KMT

SYDNEY STONE,

    Plaintiff,

v.

GERALD WHITMAN, et al.,

    Defendants.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kathleen M. Tafoya (doc no 19), filed August 7, 2008, that Defendants' Motion to Dismiss (doc no 10) be granted. Plaintiff filed an objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation as modified.

I have reviewed the pertinent portions of the record in this case, including the Complaint, the motion to dismiss, Plaintiff's response, the recommendation, and Plaintiff's objections.

The factual background of this case is set forth in detail in Magistrate Judge Tafoya's recommendation. In short, Plaintiff claims that she was deprived of three handguns seized by the Denver Police Department in 1996 in connection with the death of Spicer Breeden. The investigation was inactivated shortly thereafter, when it was determined that Breeden's

death was a suicide. Breeden left a suicide note stating that he wanted Plaintiff to have all of his property; since he had previously executed a will conflicting with this note, extended probate proceedings then ensued. Plaintiff was appointed as a co-personal representative of the Breeden estate in 2000. One of the firearms, a Sig Sauer pistol, was released to a person who claimed ownership; the others were destroyed as unclaimed property pursuant to department policy around July 29, 2003. Plaintiff contends that the Denver Police Department should have sought her out to return the handguns to her or notified her before they were destroyed. She did not seek to make a claim for the property until approximately July 2005, at which time she learned that the firearms had been destroyed. She essentially argues in this and in previous proceedings that the Police Department's duty to notify her arose from its constructive knowledge that she was the owner. As grounds for this, she contends that the Police Department had her address as a witness and had the suicide note, from which it could be deduced that there was an estate in probate and that she was a representative or beneficiary.

Plaintiff filed a lawsuit in Denver Small Claims Court in July 2006. The case was dismissed on the grounds that Plaintiff did not file a notice pursuant to the Colorado Governmental Immunity Act, C.R.S. § 24-10-101 *et seq.*, within 180 days of when her claim accrued, which the Small Claims Court determined to be the time that she was appointed co-personal representative. *See* C.R.S. § 24-10-109 (setting forth notice requirements). Because the notice was not timely filed, the Small Claims Court determined that the court did not have jurisdiction. *See* C.R.S. § 24-10-109(1) ("Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action."). Plaintiff's

appeal of the dismissal was procedurally defective and unsuccessful. Plaintiff then initiated this lawsuit, filing a motion for leave to proceed pursuant to 28 U.S.C. § 1915 and complaint in this Court on July 19, 2007 and asserting constitutional claims under 28 U.S.C. § 1983 for the alleged deprivation of her property without due process or compensation.

Defendants filed a motion to dismiss, arguing that Plaintiff's claims are barred by the statute of limitations or are precluded by the state court judgment. In the recommendation, Magistrate Judge Tafoya concluded that the applicable statute of limitations is two years, pursuant to C.R.S. § 13-80-102. In addition, Magistrate Judge Tafoya determined that Plaintiff knew of the existence of and the police seizure of Breeden's firearms at the time of Breeden's death in 1996. Because Plaintiff was a co-personal representative of Breeden's estate at the time of the destruction of the weapons, she should have known of their destruction through the exercise of reasonable diligence. Magistrate Judge Tafoya concludes that the statute of limitations began to run on or around July 27, 2003 and, therefore, Plaintiff's claims are time-barred.

In Plaintiff's objection, she does not dispute that a two-year statute of limitations applies here. However, she asserts that Magistrate Judge Tafoya erred in accepting as undisputed Defendants' contention that the Sig Sauer was properly released to a person claiming ownership. She also argues that she was not notified of the disposition of the Sig Sauer and was never informed how she could claim her property. Plaintiff claims error in the determination that she should have known of the destruction of the other two firearms because she was not actually notified and her claim only accrued when she personally discovered the injury. She again claims that her name and address "were reasonably ascertainable" but that no effort was made to contact her.

3

Accrual of a section 1983 claim for the purposes of the statute of limitations is determined by federal law. *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). "In general, under the federal discovery rule, claims accrue and '[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'" *Id.* (citation omitted). However, a plaintiff "must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Id.* I conclude that Plaintiff's injury actually arose in 1996, when the firearms were seized and not returned to Breeden's estate after the investigation into his death was inactivated (giving Plaintiff the benefit of the favorable inference, not proven, that it was the Police Department's duty to return the guns to the estate and not the estate's duty to claim then). *See Schaefer v. Stack*, 641 F.2d 227 (5th Cir. 1981) (prisoner whose property was seized pursuant to a search warrant knew his property was seized at the time of his arrest; wrongful taking occurred at time of seizure and was not a continuing violation, so cause of action accrued at time of seizure); *see also Kripp v. Luton,* 466 F.3d 1171, 1175 (10th Cir. 2006) (claim of wrongful seizure accrued at time that plaintiff knew of the seizure, either constructively or actually). The statute of limitations would have tolled until Plaintiff had the ability to make a claim on behalf of the estate, which was no later than 2000. Accordingly, I agree that Plaintiff's claims are barred by the statute of limitations.

In the alternative, even if Plaintiff's injury occurred at the time of the destruction of the weapons or when the Sig Sauer was released to another individual, Plaintiff failed to exercise reasonable diligence in discovering the facts concerning the status of the property or how she could claim the firearms. Even if the Sig Sauer was wrongfully released to another party instead of the estate, Plaintiff could have discovered that fact as early as

4

2000.  Similarly, Plaintiff could have made a claim or initiated proceedings to obtain the return of the other two handguns at that time but failed to do so.  Plaintiff's failure to exercise diligence does not toll the statute of limitations until the time that she actually learned that the firearms had already been destroyed.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kathleen M. Tafoya (doc no 19), filed August 7, 2008, is accepted as modified.

2. Defendants' Motion to Dismiss (doc no 10) is granted and this case shall be dismissed with prejudice.

3. Defendants may have their costs.

DATED at Denver, Colorado, on August 26, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge