IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-01611-WDM-KMT

SYDNEY STONE,

    Plaintiff,

v.

GERALD WHITMAN, et al.,

    Defendants.

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

Miller, J.

This case is before me on Plaintiff's Motion Pursuant to Fed. R. Civ. P. 59(e) Seeking to Alter or Amend the August 28, 2008 Judgment (doc no 24). On August 26, 2008, I entered an order (doc no 22) accepting the recommendation of Magistrate Judge Kathleen M. Tafoya and concluding that Plaintiff's claims were time-barred. Plaintiff now seeks reconsideration of that order.

Plaintiff asserts that she was the rightful owner of certain firearms seized by police after the suicide of Spicer Breeden in 1996. The investigation was closed shortly thereafter. The weapons were destroyed as unclaimed property in 2003. Plaintiff, despite being appointed a co-personal representative of the Breeden estate in 2000, never attempted to obtain return of the firearms until 2005, when she was appointed sole representative. I agreed with Magistrate Judge Tafoya that a two-year statute of limitations began to run on Plaintiff's claim no later than 2003 and that her complaint, filed in 2007,

was untimely.

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.* *See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

In her motion to alter or amend, Plaintiff offers no new evidence or authority demonstrating an intervening change in the controlling law. In addition, she does not demonstrate clear error or a need to prevent manifest injustice. She simply reasserts arguments previously raised in her briefs and objections. She argues, again, without legal authority that her injury occurred when she discovered that the firearms were destroyed (i.e., in 2005). However, if, as Plaintiff asserts, the Denver Police Department had an affirmative duty to ascertain ownership of the weapons, Plaintiff's injury occurred at the time they failed to do so upon the closing of the investigation (in 1996) or when the weapons were destroyed (2003). Plaintiff had actual knowledge that the weapons had not been returned as early as 1996; moreover, she had the ability to make a claim on behalf of the estate no later than 2000 and, through the exercise of reasonable diligence, could have discovered that the weapons were destroyed when the destruction occurred in 2003. Plaintiff has not demonstrated that this conclusion is in error. Since Plaintiff did not file this complaint until 2007, well after the expiration of the two year statute of limitations, her

claims are barred.

In addition, I determined that the statute of limitations, assuming the injury occurred in 1996, would have tolled until Plaintiff had the legal ability to make a claim on behalf of the estate (i.e., in 2000). Plaintiff argues that since she was one of two representatives, she could not make any such claim. However, the order appointing her as co-personal representative shows that the representatives could "delegate all of the responsibilities of their office, provided that each approves the acts of the other." Plaintiff has not alleged or made a showing that she attempted to make a claim for the firearms on behalf of the estate but was prevented by the other co-personal representative. Accordingly, I see no basis to toll the statute of limitations beyond the time that Plaintiff was appointed a representative of the estate. Plaintiff's motion is therefore denied.

DATED at Denver, Colorado, on September 18, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge